UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY MIDDLETON,

    Petitioner,

    v.                                      CAUSE NO.: 3:17-CV-357-PPS-MGG

WARDEN,[1]

    Respondent.

OPINION AND ORDER

Corey Middleton, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding where he was found guilty of both use/possession of a cellular device in violation of A-121 and engaging in unauthorized organizational (gang) activity in violation of B-208. The charges were initiated on March 6, 2017, when Investigator Dustin prepared two conduct reports. Here's what the first conduct report -- the one dealing with the cellular phone -- says:

> On 02/27/2017 Offender Underwood's Phone report was reviewed for evidence. Within the phones memory were located several photos containing pictures that were saved to Offender Underwood's phone and Facebook page. These pictures displayed Offender Corey Middleton # 134893 and other Offenders displaying and posing with each other while making hand gesture Gang signs. These pictures were taken on the back stairwell of the cell house and inside of a cell with a cell phone Offender Middleton had use or possession of.

ECF 23-1.

Similarly, the conduct report for unauthorized gang activity stated:

---

[1] The Respondent's name was changed from Superintendent to Warden pursuant to Indiana Code § 11-8-2-7.

> On 02/27/2017 Offender Underwood's Phone report was reviewed for evidence. Within the phones memory were located several photos containing pictures that were saved to Offender Underwood's phone and Facebook page. These pictures displayed Offender Corey Middleton # 134893 and other Offenders displaying and posing with each other while making hand gesture Gang signs.

ECF 23-8.

On March 23, 2017, Middleton was formally notified of the charges and given a copy of both conduct reports. ECF 23-1, 23-2; 23-8, 23-9. He did not request any witnesses but did ask for "the investigation file." ECF 23-2; 23-9.

A hearing on both charges was held the following day. ECF 23-4; 23-10. Middleton did not make any statement on his own behalf. The hearing officer denied Middleton's request for the investigation file because it was an Internal Affairs investigation file which is confidential. *Id*. Based on the confidential Internal Affairs file and the conduct reports, the hearing officer found Middleton guilty of both charged offenses. *Id*. The sanctions imposed for being found guilty of use or possession of a cellular device included the loss of 60 days of earned-time credits. The sanctions imposed for being found guilty of engaging in unauthorized organizational or gang activity included the loss of 60 days of earned-time credits as well as a demotion from credit class I to credit class II. This means Middleton will earn good time credits at a slower rate going forward. His administrative appeals were denied. ECF 23-6; 23-12.

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard

before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Middleton raises three issues[2] in his petition, which can be fairly consolidated into one: whether he was improperly denied evidence when he was not permitted to review the investigation file. Although Middleton wanted to review the investigation file, he did not have a right to do so. Middleton had a right to request evidence in his defense. S*ee Wolff*, 418 U.S. at 566. But the right to personally review the evidence is not absolute. Far from it. As one might imagine, there are very good reasons is the prison context – safety and security for starters -- for keeping confidential files from offenders. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Indeed, in this case, the "investigation packet" contains interviews, information from other offenders involved in the underlying activities and recordings that, if viewed by Middleton, might jeopardize institutional safety and reveal

---

[2] Middleton also raised the issue of not being provided written findings of facts by the hearing officer. ECF 3 at 2. However, in his traverse, he abandons this claim and concedes that he is procedurally defaulted by failing to raise that issue in his administrative appeal. ECF 27 at 4. Therefore, this issue is unexhausted and will not be considered on the merits. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

3

investigation techniques. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Thus, the hearing officer appropriately considered the information contained in the investigation file without allowing Middleton to personally review it. Because the hearing officer considered all the relevant evidence, including staff reports and the investigation file, there was no violation of Middleton's due process rights.

I do recognize that Middleton would be entitled to view (at least some of) the investigation file if it contained exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). But Middleton does not argue that the investigation file is exculpatory. What's more, I have reviewed the investigation report and can confirm it does not contain any exculpatory evidence.

Furthermore, even if the hearing officer improperly kept that investigation file from Middleton, the exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Middleton generally contends that he could not defend against the charges because his requests to review the investigation file were denied. ECF 3 at 2-3. But he has not explained – or even alleged with any detail – how viewing anything in the investigation file would have exculpated him from the charges. Nor has he shown that his defense was hindered in any way by not having access to that file. Middleton does not point to any specific

4

example of how his defense was harmed or that there was a substantial or injurious effect on the outcome of the proceeding.

Because the investigation file is under seal, I am not at liberty to discuss much of its contents. But I am free to talk about comments Middleton made during the investigation, which are part of that file. Middleton was interviewed at length about the events leading up to these charges. In this interview, investigators informed Middleton that he was going to be charged with use of a cell phone and unauthorized organizational activity because pictures found on a cell phone showed him posing with other offenders and making hand gestures, which the investigator believed were gang signs. So, even though the investigation file was not shown to Middleton at the hearing, the photographic evidence used to create the conduct reports did not come as any surprise. He was aware of the photographs in that file and knew that they were the basis for his charges. During the interview, Middleton acknowledged posing for those pictures and making hand gestures. At that time, he tried to convince the investigator that the hand gestures were not gang-related. I am not sure why Middleton did not raise that defense with the hearing officer. The hearing officer could have then decided whether to believe Middleton. But Middleton chose not to raise that argument or give any statement at the disciplinary hearing. At the end of the day, Middleton has not established he was prejudiced in any way by the hearing officer's denial of his request to review the investigation file in this case. Thus, to the extent the hearing officer might have erred in denying Middleton's request to review the investigation file, that error was harmless. Therefore, this ground does not entitle Middleton to habeas relief.

Middleton raises one final issue in his traverse. Middleton argues that there is insufficient evidence in the record to support the conclusions reached by the hearing officer. Middleton did not raise this issue in his petition, so it is not properly presented here. *See* Section 2254 Habeas Corpus Rule 2(c)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"). Because Middleton did not raise this claim in his petition, the Respondent never had the opportunity to address the sufficiency of the evidence. Nevertheless, in the interest of justice, I will address this claim.

Even without the Respondent's explanation, I find this claim is without merit. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

In assessing the evidence, the hearing officer determined there was sufficient evidence in the record to find Middleton guilty of using/possessing a cell phone and engaging in unauthorized organizational (gang) activity. Use or possession of a cell phone is defined as the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." IDOC Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-

OFFENSES_6-1-2015(1).pdf. Engaging in unauthorized organizational activity is defined as:

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing or using security threat group or unauthorized organizational insignia or materials; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization that has not been approved by the Department of Correction.

*Id.*

A conduct report alone can be enough to support a finding of guilty. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. The conduct reports recount that Middleton was a voluntary participant in having a phone used to take a picture of him and others posing while making hand gestures. ECF 23-1; 23-8. And the conduct report does not stand alone. The picture itself is contained in the confidential Internal Affairs file. *See* Sealed Extraction Report, p. 454. Though Middleton argues that he is not the one who physically took the picture, the hearing officer concluded that Middleton's participation in the photograph was sufficient to constitute "use" of that phone. The hearing officer also concluded that the people posing in the photo making hand gestures amounted to unauthorized organizational activity. Admittedly, there is not overwhelming evidence that Middleton was engaging in unauthorized organizational activity. But there does not have to be because in this context, "even meager proof will suffice." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). That standard has been met.

Surely, Middleton can disagree with Officer Dustin's reports and the hearing officer's conclusions. But my role is not to re-weigh the evidence. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). There is some evidence that Middleton participated in the use of a cell phone and engaged in unauthorized organizational activity. Therefore, the finding of guilt was adequately supported. See *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Accordingly, the petition (ECF 3) is DENIED. Furthermore, the clerk is DIRECTED to edit the docket changing the respondent to Warden pursuant to Indiana Code § 11-8-2-7.

SO ORDERED on December 5, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT